Robert Doscher, J.
Plaintiff, a builder of fences, was called to render estimates on a fence to be erected around defendant’s tennis courts. Two such estimates were given; one for a chain link fence, the other, at a lower total figure, for a Hex Netting fence. Defendant accepted the latter.
An examination of the two proposals, in the light of the testimony, leads to the inescapable conclusion that plaintiff erred in its proposal for the installation of a Hex Netting fence. Instead of setting forth the price based upon 484 feet of fence, it set forth the price (subject to adjustment on the basis of footage actually installed) based upon 968 feet.
When the fence around the tennis courts, had been almost completely installed, defendant ordered further fencing to be furnished for an additional area. This additional fencing was to be installed “ at prevailing rates on the existing contract.”
After all the work ordered had been completed, plaintiff sent its bill and computed the amount on what it believed should have been the price. Defendant rejected this bill and tendered the balance due as computed on the signed contract.
Plaintiff now brings this action to reform the original contract. In its complaint, plaintiff alleges that the “written contract contained all the terms and conditions of the agreement of the parties * * * including the specification that the length of the said fence was to be 968 feet long” (emphasis supplied). The.basis of the relief sought is the “inadvertent or typographical error on the part of the plaintiff and fraud on the part of defendant in concealing his knowledge of the error ’ ’.
*417 There was no confidential or fiduciary relationship between the-parties to this contract. It is not fraud for one party to say nothing about a subject where such confidential or fiduciary relationship does not exist and where no statement or act to mislead is made or done (Amend v. Hurley, 293 N. Y. 587).
Regrettable as plaintiff’s error may have been, the court cannot pronounce judgment based on its feelings that defendant probably took advantage of such error. To succeed in an action for reformation, plaintiff must offer proof of the clearest and most convincing character. In the case at bar, plaintiff’s proof fails to meet the test as to defendant’s fraud.
Complaint dismissed. Submit judgment on notice.